Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000117
05-NOV-2018
08:11 AM

NO. CAAP-18-0000117

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

COCO PALMS HUI LLC, Plaintiff-Appellee,
v.
NOA K. MAU-ESPIRITO and CHARLES D. HEPA,
Defendants-Appellants,
and
KAIPOLANI MAU-ESPIRITO aka KA-IPOLANI MAU-ESPIRITO,
Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5RC-17-1-0463)

ORDER GRANTING MOTION TO DISMISS
APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of (1) Plaintiff-Appellee Coco Palms Hui,
LLC's (Coco Palms Hui), June 22, 2018 motion to dismiss appellate
court case number CAAP-18-0000117 for lack of appellate
jurisdiction, (2) the lack of any memorandum by Defendants-
Appellants Noa K. Mau-Espirito (Mau-Espirito) and Charles D. Hepa
(Hepa) in response to Coco Palms Hui's June 22, 2018 motion, and
(3) the record, it appears that we lack appellate jurisdiction
over this appeal from the Honorable Edmund Acoba's March 27, 2018
"Order Granting the Honorable Michael K. Soong's (Judge Soong)
Motion to Strike Default Judgment and Notice of Entry of Default
Judgment Filed on February 5, 2018" that Mau-Espirito and Hepa
had filed in Civil No. 5RC-17-0463, because the district court

has not yet entered the final judgment on the last remaining substantive issue in Civil No. 5RC-17-0463.

Pursuant to HRS § 641-1(a) (2016),

> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The Supreme Court of Hawai'i

> has promulgated separate rules governing civil procedure in the district courts . . . . DCRCP Rule 58 (1996), in contrast to HRCP Rule 58, does not by its plain language require that judgment be set forth on a "separate document." Thus, the requirements set forth in <u>Jenkins [v. Cades Schutte Fleming & Wright</u>, 76 Hawaii 115, 869 P.2d 1334 (1994)], are not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order <u>ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated</u>.

<u>Id.</u> at 427, 984 P.2d at 1253 (footnote and citation omitted; emphasis added). The district court has not yet entered a final judgment that fully decided the rights and liabilities of the parties, and, thus, ended the proceedings, leaving nothing further for the district court to accomplish in this case. At the present time, Mau-Espirito and Hepa's appeal from the March 27, 2018 order is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that Coco Palms Hui's June 22, 2018 motion to dismiss appellate court case number CAAP-18-0000117 is granted, and appellate court case number CAAP-18-0000117 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 5, 2018.

Presiding Judge

Associate Judge

Associate Judge